The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with some minor modifications. The Full Commission, in their discretion, have reopened the record to receive the medical reports from Dr. William F. Lestini, which were submitted after oral arguments before the Commission.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 12 March 1996 an employment relationship existed between plaintiff-employee and defendant-employer.
3. The plaintiff's average weekly wage was $793.45, yielding a compensation rate of $492.00 per week.
4. The defendant-employer is self-insured with Riscorp/NARM as the servicing agent.
5. On 12 March 1996 plaintiff suffered a compensable injury arising out of and in the course of his employment with defendant-employer. The parties entered into a Form 21 Agreement with respect to this compensable injury.
6. Plaintiff received temporary total disability from 12 March 1996 through 17 June 1996. Plaintiff returned to work at reduced wages on 17 June 1996.
7. Plaintiff received temporary partial disability compensation from 17 June 1996 through 23 June 1996 and 1 July 1996 through 28 July 1996.
8. The Full Commission takes judicial notice of the Form 28B dated 26 November 1996, noting plaintiff's last compensation check was forwarded to him on 30 July 1996; plaintiff's last medicals were paid on 20 November 1996. Plaintiff returned to work on 29 July 1996 at the same or greater wages for a different employer.
9. The issue to be determined by the Full Commission is whether plaintiff is entitled to temporary total disability from 24 February 1997 and continuing; plaintiff is also requesting authorization for medical treatment by Dr. R. Mark Rodger.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 12 March 1996 plaintiff was a 41 year old male employed by defendant-employer as a car salesman.
2. On 12 March 1996 plaintiff suffered a compensable injury to his back when his chair broke, causing him to fall to the ground.
3. As a result of this compensable injury plaintiff was unable to work or earn wages from 12 March 1996 to 17 June 1996 and received temporary total disability during this period.
4. Defendant-employer referred plaintiff to Dr. John W. Cromer, Jr., a general practitioner, for treatment, who referred him to Dr. Murray Seidel, an orthopedist. Plaintiff saw a physician's assistant at Dr. Seidel's office on one occasion and Dr. Seidel on one occasion, then he was referred back to Dr. Cromer.
5. Plaintiff's 15 March 1996 MRI revealed a bulging disc at the L4-5 level. Defendant-carrier referred plaintiff to Dr. Melin, a neurosurgeon, in April 1996, who referred plaintiff to a physical therapist.
6. Dr. Melin released plaintiff on 12 June 1996 to return to part-time work after plaintiff's symptoms of back pain radiating into the leg improved. Dr. Melin rated plaintiff on 12 June 1996 with a five percent (5%) permanent partial disability to his back and felt plaintiff reached maximum improvement.
7. On 24 June 1996 plaintiff returned to Dr. Melin complaining his return to work had exacerbated his symptoms. A repeat MRI did not reveal any changes.
8. Dr. Melin saw plaintiff again in July and October, 1996. A myelogram and post myelogram CT Scan revealed a broad based disc bulge slightly asymmetric to the left. Dr. Melin referred plaintiff to Dr. Paul Chipley for pain management.
9. Plaintiff received temporary partial disability compensation 17 June 1996 through 23 June 1996 and 1 July 1996 through 28 July 1996.
10. Plaintiff returned to work at the same or greater wages at Donald Craig Motor Company on 29 July 1996. At the time of hearing plaintiff was still employed by this company, but has been on medical leave since 24 February 1997.
11. After 29 July 1996 plaintiff's back pain increased. Donald Craig Motor Company allowed plaintiff to work as many hours as he was physically able. Sometimes plaintiff could only work two hours a day and sometimes as much as six to eight hours per day.
12. Plaintiff received three epidural steroid injections but these did not alleviate his back and leg pain for any amount of time.
13. In the latter part of February plaintiff began experiencing chest pain and was admitted to New Hanover Memorial where Dr. Marks treated him for his chest problems. Upon admission to the hospital plaintiff informed them he was under Dr. Melin's and Dr. Chipley's care for his back problems. An orthopedic consult was ordered and physicians from Coastal Orthopedics, Dr. Kevin S. Scully, Dr. John S. O'Malley and Dr. R. Mark Rodger, treated him.
14. Dr. Rodger saw plaintiff in his office on 26 February 1997 as a follow-up. Dr. Rodger ordered a discogram which suggested plaintiff's L4-5 level was anatomically torn.
15. Dr. Rodger referred plaintiff back to Dr. Chipley for pain management and recommended epidural injections, as well as an April follow-up visit.
16. Dr. Chipley performed two nerve root blocks on plaintiff in March, 1997, but these did not completely alleviate plaintiff's pain. The anesthesiologist, Dr. Paul Britt Starling, refused to conduct a third block on plaintiff since the first two did not alleviate his pain.
17. In mid-February, 1997, while working for Donald Craig Motor Company, plaintiff bent down for a license plate on a vehicle. At that time plaintiff's pain, which had gradually been getting worse, reached a severe level. Plaintiff has been unable to work or earn wages since 24 February 1997 and continuing due to the severe back pain as a result of his compensable injury on 12 March 1996.
18. In April, 1997, Dr. Rodger suggested an anterior interbody fusion since previous treatment had been unsuccessful in alleviating plaintiff's pain. An anterior interbody fusion is a procedure whereby the problem disc is removed and replaced with a bone graft. This part of the spine no longer functions as a motion segment, thereby hopefully removing the generator of the pain. Approximately sixty percent (60%) of people with plaintiff's problem improve with this type of surgery. Dr. Chipley's pain management program of steroid injections and nerve blocks has not been successful at alleviating plaintiff's pain.
19. Dr. Thomas Melin, a neurosurgeon, does not recommend an anterior interbody fusion for plaintiff. Dr. Melin routinely does not perform a fusion unless there is evidence of nerve root compression. Also, Dr. Melin's training and practice is not to perform discograms, because these tests are typically performed by orthopedic surgeons.
20. As ordered by the Deputy Commissioner, plaintiff submitted to an independent examination by Dr. William F. Lestini on 31 October 1997. Based upon Dr. Lestini's examination, the Commission finds that plaintiff has nerve root irritation due to the L4-5 disc space and lateral foraminal stenosis and is therefore a candidate for surgery.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 12 March 1996 plaintiff suffered a compensable injury to his back arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of his continuing back problems and pain from his 12 March 1996 compensable injury, plaintiff went from being able to work on a part-time sporadic basis in the fall of 1996 to totally unable to work beginning 24 February 1997. Plaintiff is entitled to receive temporary total disability at his compensation rate of $492.00 per week from 24 February 1997 and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendant provide all medical treatment arising from the 12 March 1996 injury by accident and from his 1997 worsening of his condition to the extent it tends to effect a cure, give relief or lessen plaintiff's disability. Dr. Rodger is hereby approved as plaintiff's treating physician. The approved medical treatment shall include any surgery recommended by Dr. Rodger. N.C. Gen. Stat. § 97-25.
 **********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay to plaintiff temporary total disability compensation at a rate of $492.00 per week, from 24 February 1997 and continuing until further Order of the Commission, subject to an attorney's fee herein approved. Those amounts which have accrued shall be payable in a lump sum.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of his 12 March 1996 compensable injury for so long as such examinations, evaluations and treatments may be reasonably necessary to effect a cure, give relief or tend to lessen plaintiff's period of disability, when bills for the same shall have been submitted in accordance with North Carolina Industrial Commission procedures. The approved medical expenses include treatment and surgery by Dr. R. Mark Rodger, who is hereby approved as plaintiff's treating physician.
3. An attorney's fee of twenty-five percent (25%) of the compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent (25%) of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be sent directly to plaintiff's counsel.
4. Defendant shall pay the costs.
 **********
This _____ day of May 1998.
 S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER
LKM/bjp